THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JANIS L. SAMMARTINO
UNITED STATES DISTRICT JUDGE PRESIDING

--------------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 13-CR-2196 |
| | ) | CASE NO. 15-CR-2645 |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | ARRAIGNMENT/SENTENCING |
| | ) | |
| AMIR MOKAYEF, | ) | |
| | ) | OCTOBER 16, 2015 |
| DEFENDANT. | ) | |

--------------------------------------------------------------

APPEARANCES:

FOR THE GOVERNMENT:      ANDREW G. SCHOPLER
                         U.S. ATTORNEY'S OFFICE
                         ASSISTANT UNITED STATES ATTORNEY
                         880 FRONT STREET, ROOM 6293
                         SAN DIEGO, CA  92101


FOR THE DEFENDANT:       THOMAS J. WARWICK
                         GRIMES AND WARWICK
                         2664 FOURTH AVENUE
                         SAN DIEGO, CA  92013-6515




THE PROBATION OFFICER:   MARVIN ENGLISH

THE COURT REPORTER:      GAYLE WAKEFIELD, RPR, CRR

```
1     OCTOBER 16, 2015

2                         AFTERNOON SESSION

3          THE CLERK:  NUMBER TWO ON THE CALENDAR, 13-CR-2196,

4     UNITED STATES VS. AMIR MOKAYEF, FOR SENTENCING AND ARRAIGNMENT.

5          MR. SCHOPLER:  GOOD AFTERNOON, YOUR HONOR, ANDREW

6     SCHOPLER ON BEHALF OF THE UNITED STATES.

7          THE COURT:  THANK YOU.

8          MR. WARWICK:  GOOD AFTERNOON, YOUR HONOR, TOM WARWICK,

9     WITH GRIMES AND WARWICK, ON BEHALF OF MR. MOKAYEF, WHO IS

10    PRESENT BEFORE THE COURT.

11         THE COURT:  THANK YOU, MR. WARWICK.  WE HAVE A COUPLE

12    OF THINGS TO DO THIS AFTERNOON, SIR.  GIVE ME JUST A MOMENT.

13         WE'RE GOING TO START WITH THE ARRAIGNMENT AND THE PLEA

14    ON CASE NUMBER 2645, IS THAT CORRECT, MR. SCHOPLER AND MR.

15    WARWICK?

16         MR. SCHOPLER:  YES, YOUR HONOR, 15-CR-2645.

17         THE COURT:  VERY WELL.  PLEASE GO AHEAD, ALEX.

18         THE CLERK:  AMIR MOKAYEF, IS THAT YOUR TRUE NAME?

19         THE DEFENDANT:  YES.

20         THE CLERK:  YOU ARE INFORMED THAT AN INFORMATION HAS

21    BEEN FILED IN CASE NUMBER 15-CR-2645.

22         COUNSEL, HAVE YOU RECEIVED A COPY AND DO YOU WAIVE

23    FURTHER READING?

24         MR. WARWICK:  YES AS TO BOTH.

25         THE CLERK:  SIR, YOU ARE ADVISED THAT YOU HAVE THE
```

```
 1    RIGHT TO HAVE THESE CHARGES PRESENTED TO THE GRAND JURY FOR

 2    INDICTMENT OR YOU MAY WAIVE INDICTMENT AND ALLOW THE UNITED

 3    STATES ATTORNEY TO FILE CHARGES BY WAY OF INFORMATION.  DO YOU

 4    DESIRE TO WAIVE INDICTMENT?

 5         MR. WARWICK:  YES, AND WE SIGNED THE APPROPRIATE

 6    DOCUMENTS.

 7         THE CLERK:  SIR, IS THIS YOUR SIGNATURE ON THE WAIVER

 8    OF INDICTMENT?

 9         THE DEFENDANT:  YES.

10         THE CLERK:  YOU'RE FURTHER ENTITLED TO TRIAL BY A JURY,

11    TO BE REPRESENTED BY COUNSEL AT ALL STAGES OF PROCEEDINGS

12    BEFORE THIS COURT, AND TO HAVE WITNESSES SUMMONED TO TESTIFY ON

13    YOUR BEHALF.  SIR, HOW DO YOU PLEAD TO THIS ONE-COUNT

14    INFORMATION, GUILTY OR NOT GUILTY?

15         MR. WARWICK:  YOUR HONOR, IT'S OUR INTENTION TO PLEAD

16    GUILTY AT THIS TIME.

17    (DEFENDANT SWORN ON OATH.)

18         THE DEFENDANT:  YES.

19         THE CLERK:  THANK YOU.

20         THE COURT:  MR. MOKAYEF, DO YOU UNDERSTAND THAT YOU

21    WERE JUST SWORN UNDER PENALTY OF PERJURY AND THAT IF YOU FAIL

22    TO PROVIDE TRUTHFUL ANSWERS TO THE COURT THIS AFTERNOON YOU

23    COULD FACE AN ADDITIONAL CHARGE, AND THAT WOULD BE GIVING FALSE

24    STATEMENTS UNDER OATH OR PERJURY; DO YOU UNDERSTAND THAT?

25         THE DEFENDANT:  YES, I DO, YOUR HONOR.
```

1    THE COURT:  I'VE BEEN INFORMED THAT YOU WISH TO ENTER A

2    PLEA TO THE COUNT THAT YOU WERE JUST ARRAIGNED ON; IS THAT

3    CORRECT, SIR?

4    THE DEFENDANT:  YES, YOUR HONOR.

5    THE COURT:  I HAVE BEEN PRESENTED, MR. MOKAYEF, WITH A

6    PLEA AGREEMENT, AND IT APPEARS TO THE --

7    I'M GOING TO NEED A DIFFERENT COPY BECAUSE I WAS ABOUT

8    TO ASK ABOUT SIGNING THIS AND INITIALING THIS AND I DO NOT HAVE

9    A COPY THAT SHOWS THAT.  MY COPY DOES NOT HAVE ANY OF THAT ON

10   THERE.

11   MR. SCHOPLER:  YOUR HONOR, I PRESENTED AN UNSIGNED COPY

12   TO THE COURT EARLIER THIS WEEK, AND I PRESENTED THE ORIGINAL,

13   WHICH HOPEFULLY YOU HAVE RIGHT NOW.

14   THE COURT:  I WAS JUST HANDED THE ORIGINAL, WHICH IS

15   WHAT I NEEDED.

16   MR. WARWICK:  I REPRESENT THAT THEY'RE IDENTICAL, YOUR

17   HONOR, SINCE THE COURT HAS ALREADY LOOKED AT THE UNSIGNED

18   VERSION.

19   THE COURT:  THANK YOU, MR. WARWICK, THAT'S HELPFUL.

20   MR. MOKAYEF, I NOW HAVE THE ORIGINAL.  I HAD A COPY,

21   WHICH I HAVE REVIEWED.  I HAVE THE ORIGINAL OF YOUR PLEA

22   AGREEMENT, AND IN THE LOWER RIGHT-HAND CORNER OF EACH PAGE IT

23   APPEARS THAT YOU'VE INITIALED THOSE PAGES.

24   THE DEFENDANT:  YES, I HAVE.

25   THE COURT:  AND THOSE ARE IN FACT YOUR INITIALS?

1          THE DEFENDANT:  YES.

2          THE COURT:  IF I GO TO THE VERY BACK OF THIS, SIR, IT

3     APPEARS THAT THE LAST SIGNATURE ON THE LAST PAGE IS YOURS.

4          THE DEFENDANT:  YES, YOUR HONOR.

5          THE COURT:  IS THAT YOUR SIGNATURE?

6          THE DEFENDANT:  YES, YOUR HONOR.

7          THE COURT:  THIS DOCUMENT INDICATES TO ME THAT YOU'VE

8     HAD A FULL AND COMPLETE OPPORTUNITY TO ADDRESS WITH MR. WARWICK

9     EACH AND EVERY PROVISION OF THE PLEA AGREEMENT.  IS THAT ALSO

10    CORRECT?

11         THE DEFENDANT:  YES, YOUR HONOR.

12         THE COURT:  HAS HE BEEN ABLE TO ANSWER ALL OF YOUR

13    QUESTIONS, SIR --

14         THE DEFENDANT:  YES.

15         THE COURT:  -- THAT YOU MIGHT HAVE ABOUT THIS DOCUMENT

16    OR ANYTHING ABOUT THE CASE IN GENERAL?

17         THE DEFENDANT:  YES, YOUR HONOR.

18         THE COURT:  BEFORE WE PROCEED ANY FURTHER, DO YOU HAVE

19    ANY OTHER QUESTIONS OF MR. WARWICK OR THE COURT?

20         THE DEFENDANT:  NO, YOUR HONOR.

21         THE COURT:  HAVE YOU CONSUMED ANY MEDICATION, DRUGS OR

22    ALCOHOL WITHIN THE LAST 72 HOURS?

23         THE DEFENDANT:  NO, YOUR HONOR.

24         THE COURT:  HAS ANYBODY MADE ANY THREATS TO YOU, SIR,

25    OR TO SOMEONE NEAR OR DEAR TO YOU, TO CAUSE YOU TO ENTER THIS

PLEA THIS AFTERNOON?

THE DEFENDANT:  NO, YOUR HONOR.

THE COURT:  ARE YOU PLEADING GUILTY, MR. MOKAYEF, OF YOUR OWN FREE WILL BECAUSE YOU ARE IN FACT GUILTY OF THE CHARGE IN THE INFORMATION THAT YOU WERE JUST ARRAIGNED ON?

THE DEFENDANT:  YES, YOUR HONOR.

THE COURT:  HAS ANYBODY MADE ANY PROMISES TO YOU, OTHER THAN THE PROMISES AND REPRESENTATIONS CONTAINED IN THE PLEA AGREEMENT, THAT'S CAUSING YOU TO CHANGE YOUR PLEA?

THE DEFENDANT:  NO, YOUR HONOR.

THE COURT:  ARE YOU CURRENTLY ON PROBATION, PAROLE OR SUPERVISED RELEASE FROM ANOTHER COURT?

THE DEFENDANT:  NO, YOUR HONOR.

THE COURT:  DO YOU AGREE WITH THAT, MR. WARWICK, TO THE BEST OF YOUR KNOWLEDGE, SIR?

MR. SCHOPLER:  YOUR HONOR, HE'S ON PRETRIAL RELEASE IN CASE 13-CR-2196, WHICH IS THE RICO CONSPIRACY CASE.

THE COURT:  OKAY.  SO THAT'S THE ONLY CASE THAT'S BEFORE US, IN ADDITION TO THE ONE WHERE THERE'S A PRETRIAL RELEASE.

MR. WARWICK:  THAT IS CORRECT, YOUR HONOR.

THE COURT:  BY PLEADING GUILTY, MR. MOKAYEF, YOU GIVE UP A NUMBER OF IMPORTANT CONSTITUTIONAL RIGHTS, AND THESE RIGHTS INCLUDE A SPEEDY, PUBLIC JURY TRIAL.  THE RIGHT TO CONFRONT AND CROSS-EXAMINE WITNESSES.  THE RIGHT TO REMAIN

SILENT OR TO TESTIFY, WHICHEVER YOU MIGHT CHOOSE TO DO, AT A
TRIAL.  THE RIGHT TO SUBPOENA DOCUMENTS AND WITNESSES IN YOUR
OWN DEFENSE.  DO YOU UNDERSTAND EACH OF THESE RIGHTS?

        THE DEFENDANT:  YES, I DO, YOUR HONOR.

        THE COURT:  DO YOU WISH TO GIVE EACH OF THESE RIGHTS
UP?

        THE DEFENDANT:  YES, I DO, YOUR HONOR.

        THE COURT:  DO YOU UNDERSTAND YOU HAVE THE RIGHT TO AN
ATTORNEY AT ALL STAGES IN THESE CRIMINAL PROCEEDINGS AND THAT
IF YOU DECIDED TO SAY AND ENTER A NOT GUILTY PLEA, YOUR
ATTORNEY WOULD HONOR YOUR DECISION AND DEFEND YOU THROUGHOUT
THESE PROCEEDINGS?

        THE DEFENDANT:  YES, I DO, YOUR HONOR.

        THE COURT:  ARE YOU SATISFIED WITH YOUR COUNSEL, HIS
REPRESENTATION, AND THE ADVICE GIVEN TO YOU IN THIS CASE BY
YOUR COUNSEL?

        THE DEFENDANT:  YES, YOUR HONOR.

        THE COURT:  DO YOU UNDERSTAND, MR. MOKAYEF, THAT YOU
WERE CHARGED IN A ONE-COUNT INFORMATION WITH A VIOLATION OF
SECTION 1001(A)(2), FALSE STATEMENTS TO A FEDERAL OFFICER, AND
THIS RELATES TO STATEMENTS THAT YOU MADE TO THE FBI REGARDING
THE AMOUNT OF PROCEEDS AND ACTIVITY REGARDING YOUR INVOLVEMENT
IN WHAT I'M GOING TO CALL THE UNDERLYING MATTER, WHICH WAS I
CALL IT THE LARGER PORTOCARRERO CASE.  DO YOU UNDERSTAND WHAT
YOU'RE CHARGED WITH HERE, SIR?

1          THE DEFENDANT:  YES, I DO, YOUR HONOR.

2          THE COURT:  DO YOU UNDERSTAND THAT IF YOU WERE TO

3    EXERCISE YOUR RIGHT TO PROCEED TO TRIAL, YOU WOULD BE PRESUMED

4    INNOCENT AND THE GOVERNMENT WOULD HAVE TO PROVE EVERY ELEMENT

5    OF THE CHARGES BEYOND A REASONABLE DOUBT?  DO YOU UNDERSTAND

6    THAT?

7          THE DEFENDANT:  YES, I DO, YOUR HONOR.

8          THE COURT:  I'M GOING TO ASK THE GOVERNMENT TO STATE

9    FOR THE RECORD THE ELEMENTS OF THE 1001 CHARGE IN THIS NEW

10   INFORMATION.

11         MR. SCHOPLER:  CERTAINLY, YOUR HONOR.  THERE ARE THREE

12   ELEMENTS TO THE CRIME OF FALSE STATEMENTS TO A FEDERAL OFFICER.

13   THE FIRST IS THE DEFENDANT WAS -- MADE A FALSE STATEMENT IN A

14   MATTER WITHIN THE JURISDICTION OF THE FEDERAL BUREAU OF

15   INVESTIGATION.

16         THE SECOND IS THAT THE DEFENDANT ACTED WILLFULLY, THAT

17   IS, THE DEFENDANT ACTED DELIBERATELY AND WITH KNOWLEDGE BOTH

18   THAT THE STATEMENT WAS UNTRUE AND THAT HIS CONDUCT WAS

19   UNLAWFUL.

20         AND FINALLY, THE STATEMENT WAS MATERIAL TO THE

21   ACTIVITIES OR DECISIONS OF THE FEDERAL BUREAU OF INVESTIGATION,

22   THAT IS, THAT A NATURAL TENDENCY TO INFLUENCE OR WAS CAPABLE OF

23   INFLUENCING THE AGENCY'S DECISIONS OR ACTIVITIES.

24         THE COURT:  DO YOU UNDERSTAND, MR. MOKAYEF, THAT THE

25   GOVERNMENT WOULD HAVE TO PROVE ALL OF THOSE ELEMENTS BEYOND A

```
1    REASONABLE DOUBT IF YOU WENT TO TRIAL?

2              THE DEFENDANT:  YES, I DO, YOUR HONOR.

3              THE COURT:  THERE'S A MAXIMUM PENALTY FOR THIS OFFENSE,

4    AND THE MAXIMUM PENALTY IS AS FOLLOWS:  FIVE YEARS IN PRISON.

5    A $250,000 FINE OR TWICE YOUR PECUNIARY GAIN FROM THE OFFENSE,

6    WHICHEVER IS GREATER.  A MANDATORY SPECIAL ASSESSMENT OF $100.

7    A TERM OF SUPERVISED RELEASE OF NOT MORE THAN THREE YEARS.  AND

8    FORFEITURE OF ALL THE PROPERTY CONSTITUTING OR DERIVED FROM THE

9    PROCEEDS OBTAINED AS A RESULT OF A VIOLATION AND PROPERTY USED

10   OR INTENDED TO BE USED TO COMMIT OR FACILITATE THE COMMISSION

11   OF THE OFFENSE.  DO YOU UNDERSTAND THAT MAXIMUM PENALTY, SIR?

12             THE DEFENDANT:  YES, I DO, YOUR HONOR.

13             THE COURT:  MR. WARWICK, WOULD YOU PROVIDE THE FACTUAL

14   BASIS FOR YOUR CLIENT'S PLEA THIS AFTERNOON.

15             MR. WARWICK:  WELL, YOUR HONOR, IT'S PRESENTED IN QUITE

16   A BIT OF DETAIL IN THE PLEA AGREEMENT.  TO SYNOPSIZE IT, MY

17   CLIENT WAS BROUGHT IN BEFORE THE FBI TO DISCUSS A MEETING HE

18   HAD WITH ONE OF THE OTHER DEFENDANTS IN THIS CASE.  THAT

19   MEETING WAS VIDEOTAPED, AND MY CLIENT'S STATEMENTS TO THE FBI

20   AT THE MEETING WITH THE FBI WERE INCONSISTENT AND SIGNIFICANTLY

21   DIFFERENT THAN WHAT HE SAID TO THE CODEFENDANT IN THAT MEETING,

22   THEREFORE, FILLING -- FULFILLING THE REQUIREMENT THAT HE WAS

23   UNTRUTHFUL TO THE FBI, AND IT WAS MATERIAL.

24             THE COURT:  DO YOU AGREE WITH WHAT YOUR ATTORNEY SAYS

25   HAPPENED HERE?
```

1    THE DEFENDANT: YES, I DO, YOUR HONOR.

2    THE COURT: MR. SCHOPLER, ARE YOU SATISFIED WITH THE

3    FACTUAL BASIS AS PRESENTED?

4    MR. SCHOPLER: YOUR HONOR, I MIGHT ADD A FEW MORE

5    DETAILS.

6    THE COURT: LISTEN VERY CAREFULLY, MR. MOKAYEF, BECAUSE

7    I'M GOING TO ASK YOU IF YOU AGREE WITH WHAT MR. SCHOPLER SAID.

8    GO AHEAD, SIR.

9    MR. SCHOPLER: THE MEETING THAT MR. WARWICK REFERRED TO

10   OCCURRED AT THE UNITED STATES ATTORNEY'S OFFICE HERE IN SAN

11   DIEGO ON SEPTEMBER 4TH, 2015, AND MR. MOKAYEF WAS SPEAKING TO

12   FBI SPECIAL AGENT MAX REGULA AND PERSONNEL FROM THE U.S.

13   ATTORNEY'S OFFICE. DURING THAT MEETING, THE DEFENDANT

14   WILLFULLY PROVIDED FALSE MATERIAL INFORMATION TO SPECIAL AGENT

15   REGULA IN A MATTER WITHIN THE FBI'S JURISDICTION.

16   SPECIFICALLY, HE FALSELY STATED THE FOLLOWING THREE

17   THINGS: FIRST, THAT HE DID NOT KNOW HOW MUCH OF HIS ILLEGAL

18   PROCEEDS HE HAD GIVEN TO JAN HARALD PORTOCARRERO AND THAT HIS

19   BEST ESTIMATE WAS A LITTLE OVER A MILLION.

20   SECOND, HE STATED FALSELY THAT HE HAD NOT MADE ANY

21   PLANS WITH JAN HARALD PORTOCARRERO FOR THE RETURN OF HIS

22   ILLEGAL PROCEEDS.

23   AND THIRD, HE FALSELY STATED THAT HE HAD NO INFORMATION

24   ABOUT WHETHER JAN HARALD PORTOCARRERO STILL HAD ILLEGAL

25   PROCEEDS.

1    IN FACT, WHEN HE MADE THOSE FALSE STATEMENTS, THE

2    DEFENDANT VERY WELL KNEW THAT JAN HARALD PORTOCARRERO WAS

3    HOLDING EXACTLY $1,955,000 OF DEFENDANT'S ILLEGAL PROCEEDS FOR

4    HIM, THAT DEFENDANT AND JAN HARALD PORTOCARRERO MADE PLANS FOR

5    THE RETURN OF DEFENDANT'S MONEY AFTER THE SENTENCING HEARING,

6    AND THAT JAN HARALD PORTOCARRERO TOLD DEFENDANT THAT ALMOST $2

7    MILLION IN ILLEGAL PROCEEDS WAS OUTSIDE THE UNITED STATES AND

8    COULD BE USED TO REPAY DEFENDANT.

9    AS TO EACH OF THESE FALSE STATEMENTS, DEFENDANT ACTED

10   DELIBERATELY AND WITH KNOWLEDGE BOTH THAT EACH STATEMENT WAS

11   UNTRUE AND THAT HIS CONDUCT WAS UNLAWFUL. EACH OF THESE FALSE

12   STATEMENTS WAS MATERIAL TO THE FBI'S ACTIVITIES AND DECISIONS,

13   THAT IS, EACH STATEMENT HAD A NATURAL TENDENCY TO INFLUENCE AND

14   WAS CAPABLE OF INFLUENCING THE FBI'S DECISIONS AND ACTIVITIES.

15   YOUR HONOR, WE WOULD ALSO ASK THAT THE DEFENDANT SIMPLY

16   AFFIRM, IN ADDITION TO HIS INITIALS ON EACH PAGE, THAT THE

17   FACTUAL STATEMENTS ON PAGES 3, 4 AND 5 OF HIS PLEA AGREEMENT

18   ARE ENTIRELY COMPLETE AND TRUE.

19   THE COURT:  MR. MOKAYEF, DO YOU AGREE WITH WHAT WAS

20   READ OR STATED BY MR. SCHOPLER?

21   THE DEFENDANT:  YES, YOUR HONOR.

22   THE COURT:  AND GOING A LITTLE BIT FURTHER, LOOKING AT

23   PAGES 3, 4 AND 5, WHICH CONTAIN THE FACTUAL BASIS FOR YOUR

24   PLEA, ARE THOSE COMPLETE AND ACCURATE STATEMENTS, SIR,

25   FACTUALLY?

1      THE DEFENDANT:  YES, YOUR HONOR.

2      THE COURT:  THANK YOU.  MR. MOKAYEF, THE COURT WILL

3   IMPOSE A SENTENCE BASED ON THE FACTORS SET FORTH IN TITLE 18

4   UNITED STATES CODE 3553(A); HOWEVER, IN IMPOSING SENTENCE, THE

5   COURT WILL CONSULT THE UNITED STATES SENTENCING GUIDELINES AND

6   TAKE THEM INTO ACCOUNT IN DECIDING YOUR SENTENCE.  HAVE YOU

7   DISCUSSED WITH MR. WARWICK THE SENTENCING FACTORS AND

8   GUIDELINES?

9      THE DEFENDANT:  YES.

10      THE COURT:  DO YOU UNDERSTAND THAT THE GUIDELINES ARE

11   ONLY ADVISORY TO THIS COURT AND NOT MANDATORY?

12      THE DEFENDANT:  YES, I DO, YOUR HONOR.

13      THE COURT:  DO YOU UNDERSTAND THAT THE COURT COULD

14   IMPOSE A SENTENCE THAT'S MORE SEVERE OR LESS SEVERE THAN THE

15   SENTENCE CALLED FOR IN THE GUIDELINES?

16      THE DEFENDANT:  YES, I DO, YOUR HONOR.

17      THE COURT:  THE COURT IS NOT BOUND BY THE PLEA

18   AGREEMENT.  DO YOU UNDERSTAND THAT IF THE COURT FOLLOWS THE

19   PLEA AGREEMENT AND SENTENCES YOU WITHIN THE PROPOSED GUIDELINE

20   RANGE, YOU MAY NOT APPEAL THE SENTENCE OR LATER COLLATERALLY

21   ATTACK THE SENTENCE OR JUDGMENT?

22      THE DEFENDANT:  YES.

23      THE COURT:  DO YOU UNDERSTAND THAT, SIR?

24      THE DEFENDANT:  YES, I DO, YOUR HONOR.

25      THE COURT:  IF THE COURT DOES NOT FOLLOW THE PLEA

```
 1          AGREEMENT AND SENTENCES YOU TO SOME OTHER TERM, YOU MAY NOT

 2          WITHDRAW YOUR GUILTY PLEA.  YOUR SOLE REMEDY IS TO APPEAL THE

 3          SENTENCE IMPOSED.  DO YOU UNDERSTAND THAT, SIR?

 4                  THE DEFENDANT:  YES, I DO, YOUR HONOR.

 5                  THE COURT:  MR. WARWICK, HAVE YOU ADVISED YOUR CLIENT

 6          OF THE TERMS OF THE PLEA AGREEMENT, THE CHARGES AGAINST HIM,

 7          AND THE CONSEQUENCES OF THIS PLEA?

 8                  MR. WARWICK:  YES AS TO ALL, YOUR HONOR.

 9                  THE COURT:  ARE YOU AWARE OF ANY DEFENSES HE'S GIVING

10          UP OR ANY VIOLATION OF HIS CONSTITUTIONAL RIGHTS?

11                  MR. WARWICK:  NO, YOUR HONOR.

12                  THE COURT:  DO YOU JOIN IN THE PLEA?

13                  MR. WARWICK:  I DO, YOUR HONOR.

14                  THE COURT:  MR. MOKAYEF, HOW DO YOU PLEAD, SIR, TO THE

15          ONE-COUNT --

16                  MR. SCHOPLER:  YOUR HONOR, THE ONLY MATTER I WOULD WANT

17          TO ADD IS THAT THE DEFENDANT SHOULD UNDERSTAND THAT THE

18          PENALTIES FOR THIS CASE THAT HE'S PLEADING GUILTY TO RIGHT NOW,

19          THE FALSE STATEMENTS CASE, AND THE RICO CONSPIRACY THE COURT

20          WOULD HAVE THE OPTION OF ACCUMULATING THOSE PENALTIES, SO THE

21          COURT COULD RUN THE CUSTODIAL SENTENCES CONSECUTIVELY AND THE

22          FINES COULD BE AGGREGATED.  THAT'S NOT THE RECOMMENDATION OF

23          THE PARTIES, BUT HE SHOULD UNDERSTAND THAT THOSE PENALTIES

24          COULD BE AGGREGATED.

25                  THE COURT:  DO YOU UNDERSTAND THAT, SIR?
```

```
 1              THE DEFENDANT:  YES, YOUR HONOR.

 2              THE COURT:  AND I DID UNDERSTAND THAT THERE WAS GOING

 3     TO BE KIND OF A WRAPAROUND RECOMMENDATION THAT BOTH THE DEFENSE

 4     AND THE GOVERNMENT WERE MAKING AND WERE IN AGREEMENT ON.

 5              MR. SCHOPLER:  THAT'S CORRECT.  UNDER THE PLEA

 6     AGREEMENT THERE'S A JOINT RECOMMENDATION, YOUR HONOR.

 7              THE COURT:  THAT'S TRUE.

 8              YOU UNDERSTAND WHAT THE PROSECUTOR SAID, THAT THEY

 9     COULD BE ADDED ON TOP OF EACH OTHER, CONSECUTIVELY?

10              THE DEFENDANT:  YES, YOUR HONOR.

11              MR. WARWICK:  YOUR HONOR, THAT IS REFLECTED AT LINE 3,

12     PAGE 6, OF THE PLEA AGREEMENT, YOUR HONOR, WHICH MY CLIENT HAS

13     READ AND SIGNED.

14              THE COURT:  I'M SORRY, PAGE --

15              MR. WARWICK:  PAGE 6, LINE 3.

16              THE COURT:  OKAY.  VERY GOOD.  THANK YOU.

17              MR. WARWICK:  YOU'RE WELCOME, YOUR HONOR.

18              THE COURT:  SO LET ME BACK UP FOR A MOMENT BECAUSE I

19     DID NOT STATE THE MAXIMUM PENALTY FROM A CUMULATIVE STANDPOINT

20     WOULD BE 25 YEARS IN PRISON, A $250,000 FINE, $250,000 OR TWICE

21     YOUR PECUNIARY GAIN FROM THE FALSE STATEMENT, A MANDATORY

22     SPECIAL ASSESSMENT OF $200, SUPERVISED RELEASE OF NOT MORE THAN

23     THREE YEARS, AND FORFEITURE, AS I'VE ALREADY INDICATED.  DO YOU

24     UNDERSTAND THAT CUMULATIVE PENALTY EXISTS BECAUSE YOU'VE GOT

25     THE OTHER CASE YOU'VE ALREADY ENTERED A PLEA TO?
```

1           THE DEFENDANT:  YES, YOUR HONOR.

2           MR. SCHOPLER:  AND THE MAXIMUM FINE, YOUR HONOR, WOULD

3    BE -- FOR EACH OF THESE CASES SEPARATELY, THEY'RE $250,000 OR

4    TWICE HIS PECUNIARY GAIN ADDED TOGETHER.

5           THE COURT:  CORRECT.

6           DO YOU UNDERSTAND THAT, SIR?

7           THE DEFENDANT:  YES, I DO, YOUR HONOR.

8           THE COURT:  SO THUS FAR -- LET ME ASK YOU, MR.

9    SCHOPLER, HAVE WE COVERED EVERYTHING THUS FAR, SIR?

10          MR. SCHOPLER:  YES, YOUR HONOR.

11          THE COURT:  THANK YOU.

12          MR. MOKAYEF, LET ME ASK YOU THIS, SIR, TO THE ONE-COUNT

13   INFORMATION OF VIOLATION OF TITLE 18 UNITED STATES CODE

14   1001(A)(2), HOW DO YOU PLEAD, SIR, GUILTY OR NOT GUILTY?

15          THE DEFENDANT:  GUILTY, YOUR HONOR.

16          THE COURT:  THE COURT WILL ACCEPT YOUR PLEA, SIR.  I

17   FIND THAT YOU HAVE FREELY, VOLUNTARILY, AND COMPETENTLY ENTERED

18   YOUR PLEA.  YOU UNDERSTAND THE PLEA AGREEMENT, THE CHARGES

19   AGAINST YOU, AND THE CONSEQUENCES OF THIS PLEA.  THERE IS A

20   FACTUAL BASIS FOR THIS PLEA, AND YOU HAVE MADE A KNOWING AND

21   INTELLIGENT WAIVER OF YOUR RIGHTS.

22          MY UNDERSTANDING IS THAT PEOPLE ARE PREPARED TO PROCEED

23   TO IMMEDIATE SENTENCING ON THIS MATTER, IN CONJUNCTION WITH THE

24   OTHER CHARGE; IS THAT CORRECT?

25          MR. SCHOPLER:  THAT'S CORRECT, YOUR HONOR.  IT IS THE

1    JOINT REQUEST OF THE PARTIES TO PROCEED TO IMMEDIATE SENTENCING

2    AND NOT TO REQUEST A SEPARATE PSR FOR THE NEW CASE.

3         THE COURT:  LET ME INDICATE THAT FOR SENTENCING ON THE

4    UNDERLYING MATTER, TO WHICH THE 1001 IS NOW BEING ADDED, I'VE

5    READ AND CONSIDERED THE FOLLOWING, IN ADDITION TO THE DOCUMENTS

6    WE'VE JUST DEALT WITH:  I HAVE THE PRESENTENCE REPORT.  I HAVE

7    THE GOVERNMENT'S AMENDED SENTENCING SUMMARY CHART.  I HAVE

8    DEFENDANT'S REQUEST FOR DOWNWARD DEPARTURES.  I HAVE THE

9    UNDERLYING PLEA AGREEMENT ON THE CASE ENDING 2196.

10        IS THAT EVERYTHING, MR. WARWICK AND MR. SCHOPLER.

11        MR. WARWICK:  IT IS, YOUR HONOR, BUT BECAUSE OF OUR

12   PLEA AGREEMENT UNDER 11(E)(1)(B) RECOMMENDATION TO THE COURT

13   OUR PLEADINGS THAT WERE FILED IN ADVANCE OF THIS PLEA ARE

14   SOMEWHAT -- NOT SOMEWHAT, ARE ACTUALLY MOOT BECAUSE THIS IS A

15   JOINT RECOMMENDATION FOR THE PARTIES.

16        THE COURT:  NO, AND I WAS GOING TO GET THERE, MR.

17   WARWICK, AND INDICATE THAT I UNDERSTAND WHAT'S TRANSPIRED HERE,

18   BUT THIS IS A JOINT RECOMMENDATION FOR CONCURRENT TIME -- AND I

19   UNDERSTAND THE CALCULATION AND THE GROUPING THAT'S BEEN DONE

20   HERE -- AND BASED ON EVERYTHING I KNOW I'M INCLINED TO ACCEPT

21   THAT AND SENTENCE ACCORDINGLY.  I THINK IT'S APPROPRIATE, IF

22   THAT'S HELPFUL TO YOU.

23        I THINK THERE'S ALSO A REQUEST FOR -- I DON'T KNOW IF

24   EVERYBODY IS IN AGREEMENT WITH EVERYTHING.  THERE'S A REQUEST

25   FOR A $30,000 FINE, AND THERE'S A FORFEITURE ORDER.  I THINK

1   IT'S THE FIFTH AMENDED ORDER OF CRIMINAL FORFEITURE IN THIS

2   MATTER THAT I'M BEING ASKED TO SIGN.

3        PLEASE GO AHEAD AND TELL ME ANYTHING YOU WOULD LIKE TO

4   TELL ME, MR. WARWICK.

5        MR. WARWICK:  YOUR HONOR, WE HAVE UNDER THE PLEA

6   AGREEMENT MADE A JOINT RECOMMENDATION COVERING ALL THE

7   PARAMETERS OF SENTENCING, AND IN LIGHT OF THE COURT'S

8   INDICATED, I WOULD SUBMIT.

9        THE COURT:  VERY WELL.  THANK YOU, SIR, I APPRECIATE

10  THAT.

11       MR. MOKAYEF, IS THERE ANYTHING THAT YOU WOULD LIKE TO

12  SAY THIS AFTERNOON, SIR, BEFORE SENTENCING?

13       THE DEFENDANT:  YES, I WOULD LIKE TO SAY SOMETHING,

14  YOUR HONOR.  I WOULD LIKE TO APOLOGIZE TO MY FAMILY AND TO THE

15  COURT FOR MY ACTIONS.  I HAVE BEEN -- FOR TWO YEARS AND

16  FOUR MONTHS NOW HAVE REFLECTED ON WHAT I HAVE DONE, AND I WAS

17  JUST YOUNG AND NAIVE WHEN I GOT INTO THIS BUSINESS, AND

18  ULTIMATELY I JUST GOT CAUGHT UP.

19       WITH THAT SAID, I DIDN'T DO ANYTHING MORE THAN WHAT

20  FANDUEL AND DRAFTKINGS ARE DOING RIGHT NOW, WHICH IS TAKING

21  BETS AND OFFERING INCENTIVES FOR REFERRALS FROM FRIENDS.

22       I HAVE A JOB NOW.  I HAVE INVESTED IN A PROPERTY NEAR

23  SAN FRANCISCO.  I'VE BEEN LOOKING FOR MONTHS NOW FOR A PROPERTY

24  AND FINALLY FOUND ONE, AND I LOVE IT.  I LOVE EVERYTHING ABOUT

25  IT.  I LOVE THE CREATIVITY OF IT.  I LOVE THE BACK AND FORTH

1    THAT I HAVE WITH MY ARCHITECT ON WHAT TO DO AND WHAT NOT TO DO

2    AND WHY.  I EVEN LOVE TRYING TO GET PRICING DOWN FROM MY

3    SUBCONTRACTOR, WHICH GOD KNOWS I'M ON A BUDGET.

4         I WOULD SAY THAT PRISON ISN'T GOING TO TEACH ME

5    ANYTHING MORE THAN I'VE ALREADY LEARNED IN THIS PAST TWO YEARS

6    AND FOUR MONTHS.  IT'S ONLY GOING TO TAKE ME AWAY FROM MY LOVED

7    ONES AND PROLONG ME FROM MOVING FORWARD WITH MY LIFE.  I WANT

8    TO MOVE FORWARD WITH MY LIFE.  IT DOESN'T BENEFIT ANYONE, YOUR

9    HONOR, NOT ME, NOR THE TAXPAYERS, TO GO AWAY.

10        THAT'S ALL I HAVE TO SAY.  THANK YOU FOR YOUR TIME.

11        THE COURT:  I APPRECIATE YOUR COMMENTS.

12        MR. SCHOPLER.

13        MR. SCHOPLER:  I HAVE TO PART WAYS WITH THE DEFENDANT

14   WHEN HE SAYS THAT ALL HE DID -- THAT EVERYTHING HE DID WAS THE

15   SAME THING THAT PEOPLE AT FANDUEL ARE DOING.  HE LAUNDERED

16   MONEY.  HE LIED TO THE IRS.  ULTIMATELY, HE LIED TO FBI AGENTS

17   IN THIS CASE.  AND THERE WERE VIOLENT EPISODES INVOLVED IN THIS

18   CRIME.  SO I DON'T WANT ANYONE TO GET THE IMPRESSION THAT THIS

19   WAS MERELY LEGAL ACTIVITY THAT SKIRTED JUST TO THE WRONG SIDE

20   OF THE LAW OR SOMETHING LIKE THAT.  THERE WAS A LOT OF

21   ASSOCIATED ACTIVITY THAT SHOULD NOT BE CONDONED.

22        HOWEVER, I THINK WE HAVE GIVEN A LOT OF CONSIDERATION

23   TO WHAT A FAIR SENTENCE IS IN THIS CASE, AND THE PARTIES'

24   RECOMMENDATION OF AN 18-MONTH CUSTODIAL SENTENCE IS APPROPRIATE

25   HERE.

```
 1              THE COURT:  THANK YOU, MR. SCHOPLER.

 2              FROM PROBATION.

 3              THE PROBATION OFFICER:  MARVIN ENGLISH, YOUR HONOR.

 4    PROBATION HAS NOTHING TO ADD, UNLESS THE COURT HAS QUESTIONS.

 5              THE COURT:  NO QUESTIONS AT THIS TIME.

 6              THE PROBATION OFFICER:  I GUESS MAYBE ONE POINT OF

 7    CLARIFICATION.  THE PSR IS WAIVED ON THE NEW CHARGE, CORRECT?

 8              THE COURT:  THAT WOULD BE CORRECT.

 9              MR. WARWICK:  SO WAIVED ON BEHALF OF THE CLIENT, YOUR

10    HONOR.

11              THE PROBATION OFFICER:  THANK YOU, YOUR HONOR.

12              THE COURT:  THANK YOU, MR. ENGLISH.

13              THE COURT HAS ADEQUATE INFORMATION TO EXERCISE

14    SENTENCING DISCRETION IN THIS MATTER.  I THINK BOTH THE

15    GOVERNMENT AND MR. WARWICK KNOW THE COURT IS VERY FAMILIAR WITH

16    THIS MATTER.  THERE HAVE BEEN A LOT OF SENTENCINGS IN THIS

17    CASE, AND I'M CERTAINLY PREPARED TO PROCEED.

18              LET ME INDICATE THAT I AM GOING TO FOLLOW THE JOINT

19    RECOMMENDATION.  I THINK IT'S AN APPROPRIATE ONE, ALL THINGS

20    CONSIDERED, BUT FOR THE RECORD LET ME MAKE THE NECESSARY

21    CALCULATION.

22              WE'VE GOT A GROUP 1, WHICH IS THE RICO CONSPIRACY WITH

23    A BASE OFFENSE LEVEL OF 19, THE AGGRAVATING ROLE OF A PLUS 3,

24    AND THAT RESULTS IN A TOTAL OFFENSE LEVEL FOR GROUP 1 OF A 22.

25              GROUP 2 WOULD BE THE FALSE STATEMENT, THE NEW CASE,
```

1    WHICH IS 15-CR-2645.  THE BASE OFFENSE LEVEL FOR THAT IS A 6.

2    AND THE VIOLATION OF A JUDICIAL ORDER 10 -- AND THE RESULT IS

3    AN OFFENSE LEVEL OF 10.  AS WE KNOW, I START WITH THE COMBINED

4    OFFENSE LEVEL OF MY CALCULATION OF THE 22, THE HIGHER OF THE

5    TWO GROUPS.

6         I AM GIVING A 3-POINT REDUCTION, MR. MOKAYEF, FOR

7    ACCEPTANCE OF RESPONSIBILITY, ALWAYS THE BETTER COURSE OF

8    CONDUCT WHEN WE MAKE A POOR CHOICE, SO THE TOTAL OFFENSE LEVEL

9    IS TO A 19.  YOU'VE GOT 4 CRIMINAL HISTORY POINTS, WHICH PLACES

10   YOU IN CRIMINAL HISTORY CATEGORY 3, AND THAT RANGE OF

11   IMPRISONMENT IS 37 TO 46 MONTHS.

12        YOU'RE ENTITLED TO A 2-POINT REDUCTION FOR THE

13   FAST-TRACK, AND I'M INCLUDING THAT, WHICH TAKES ME DOWN TO A

14   TOTAL OFFENSE LEVEL OF 17, AND THAT'S A RANGE OF 30 TO

15   37 MONTHS.  BASED ON THE 3553(A) FACTORS THAT I'VE CONSIDERED

16   IN THIS MATTER, THERE'S A JOINT RECOMMENDATION FROM THE DEFENSE

17   AND THE GOVERNMENT FOR 18 MONTHS, AND THAT 18 MONTHS WOULD BE

18   BOTH ON THE RICO AND THE FALSE STATEMENTS CHARGES TO RUN

19   CONCURRENTLY, FOLLOWED BY A THREE-YEAR PERIOD OF SUPERVISED

20   RELEASE ON EACH, AGAIN TO RUN CONCURRENTLY.

21        THERE WILL BE A $30,000 FINE ON THE RICO COUNT.  I'M

22   GOING TO SIGN THE FORFEITURE ORDER.  THE SPECIAL ASSESSMENT OF

23   $100 WILL BE IMPOSED.

24        THE PROBATION OFFICER:  YOUR HONOR, IS THE COURT GOING

25   TO SET A PAYMENT SCHEDULE ON THAT OR JUST FORTHWITH?

1      THE COURT:  ON THE 30,000?

2      THE PROBATION OFFICER:  YES.

3      THE COURT:  I'M GOING TO ASK MR. WARWICK IF HE WANTS A

4   PAYMENT SCHEDULE AND WHAT HIS REQUEST WOULD BE IN THAT REGARD.

5      MR. WARWICK:  YOUR HONOR --

6      THE COURT:  LET ME TELL YOU, MR. WARWICK, THERE WILL BE

7   NO FINE ON THE OTHER COUNT, AND A $100 SPECIAL ASSESSMENT, SO

8   IT'S GOING TO BE $30,000, AND $200 IN SPECIAL ASSESSMENTS.

9      MR. WARWICK:  YOUR HONOR, THE SITUATION IS MY CLIENT

10  HAS TAKEN AND BORROWED AND ASKED HIS RELATIVES TO GET ENOUGH

11  MONEY TO BUY A HOUSE, AND HE IS GOING -- HE IS IN THE PROCESS

12  OF SWEAT EQUITY, AND ALSO SUBCONTRACTORS, AS HE DESCRIBED, AND

13  HIS HOPE IS TO BE ABLE TO SELL THAT HOUSE AT A PROFIT.  WE

14  DON'T KNOW WHETHER THAT WILL WORK.  OBVIOUSLY HE'S VERY

15  OPTIMISTIC IT WILL, BUT AT THIS PARTICULAR POINT EVERYTHING HE

16  HAS IS IN THAT PARTICULAR ASSET.  SO I SUGGEST, YOUR HONOR,

17  THAT WE MAY ADDRESS THIS AGAIN ONCE HE GETS OUT OF CUSTODY,

18  FROM THE STANDPOINT OF SETTING A PAYMENT SCHEDULE, BECAUSE

19  WE'LL THEN KNOW THE ANSWERS TO THE UNKNOWNS THAT WE HAVE AT

20  THIS POINT.

21     THE COURT:  I THINK WE NEED TO SET SOMETHING AT THIS

22  TIME, MR. WARWICK.  WE CAN'T JUST LEAVE IT OPEN-ENDED.  WE

23  COULD SET IT AT $250, $500 A MONTH, SOMETHING THAT WOULD BE

24  MANAGEABLE.  HE COULD ALWAYS PAY MORE THAN THAT TO GET THIS

25  PAID OFF.  WHY DON'T YOU CONFER WITH HIM.  I NEED TO SET A

1      DOLLAR AMOUNT AND SOME SORT OF SCHEDULE FOR WHEN HE LEAVES

2      CUSTODY.

3              MR. WARWICK:  YOUR HONOR, IF WE CAN SET THE 250, AND

4      OBVIOUSLY THAT CAN BE ADJUSTED IF HIS INCOME SITUATION BECOMES

5      BETTER AND HE CAN AFFORD MORE MONEY AT THAT POINT.

6              THE PROBATION OFFICER:  THANK YOU, YOUR HONOR.  BECAUSE

7      WE DON'T HAVE THE AUTHORITY TO SET IT, I WOULD ASK THAT BE SET

8      TODAY.  THAT CAN BE ADJUSTED LATER.

9              THE COURT:  IT CAN BE ADJUSTED LATER, MR. MOKAYEF.  YOU

10     CAN ALWAYS PAY MORE IF YOU WANT TO GET OUT FROM UNDER THIS, BUT

11     WE'LL SET IT AT $250 A MONTH STARTING UPON YOUR RELEASE FROM

12     CUSTODY.

13             THERE'S NO OBJECTION TO THE COURT SIGNING THE

14     FORFEITURE ORDER?

15             MR. WARWICK:  NO, YOUR HONOR.

16             THE COURT:  DO YOU REQUEST A SELF-SURRENDER DATE AND A

17     DESIGNATION?

18             MR. WARWICK:  YES AS TO BOTH, YOUR HONOR.  I'VE SPOKEN

19     WITH ASSISTANT UNITED STATES ATTORNEY MR. SCHOPLER, AND WE'RE

20     HOPING THIS HOUSE CAN GET SOLD AND TURN IT INTO A LIQUID ASSET

21     RATHER THAN A REAL ESTATE, AND IT'S OUR -- I BELIEVE IT'S OUR

22     JOINT REQUEST THAT IT BE SOMETIME IN JANUARY.  I LOOKED AT THE

23     CALENDAR AND -- FRIDAY, JANUARY 15TH, IF THAT'S ACCEPTABLE TO

24     THE COURT AND TO THE UNITED STATES ATTORNEY.

25             MR. SCHOPLER:  NO OBJECTION, YOUR HONOR.

```
1              THE PROBATION OFFICER:  YOUR HONOR, WE'RE GOING TO GO
2       OVER THE CONDITIONS OF SUPERVISED RELEASE?
3              THE COURT:  WE ARE.
4              MR. WARWICK:  AND WE'RE ALSO ASKING FOR A DESIGNATION
5       TO TAFT, YOUR HONOR.  THAT IS UP NEAR THE AREA WHERE THIS
6       PROPERTY AND THE HOUSE TURNING OVER, AND BUSINESSES, AND IT
7       WOULD BE VERY HELPFUL IF HE WAS LOCAL.
8              THE COURT:  SO WE'RE GOING TO HAVE A SELF-SURRENDER
9       DATE OF THE 15TH OF JANUARY 2016, AND YOU WANT A DESIGNATION TO
10      TAFT.
11             MR. WARWICK:  PLEASE.
12             THE COURT:  IF THERE'S ROOM AND THE BUREAU OF THE
13      PRISONS DEEMS IT APPROPRIATE, THEY WILL FOLLOW THAT, SIR.  I
14      DON'T HANDLE HOUSING FOR THE BUREAU OF THE PRISONS, SO THAT'S
15      WHAT'S GOING TO OCCUR THERE.
16             WHEN YOU'RE RELEASED FROM CUSTODY, MR. MOKAYEF, YOU'RE
17      GOING TO BE ON THREE YEARS OF SUPERVISED RELEASE.  WHAT THAT
18      MEANS IS YOU CAN'T VIOLATE ANY LAWS DURING THAT THREE-YEAR
19      PERIOD.  WE WOULD HOPEFULLY HEAR FROM MR. WARWICK THAT YOU'RE
20      DOING WELL, THAT YOU'VE SOLD THE HOUSE, AND THAT LIFE HAS GONE
21      ON IN A DIFFERENT DIRECTION.  IF YOU VIOLATE A LAW, WE COULD
22      MEET AGAIN AND YOU COULD SERVE ADDITIONAL TIME IN CUSTODY, UP
23      TO THE THREE YEARS.
24             YOU'RE GOING TO FOLLOW ALL THE STANDARD CONDITIONS OF
25      SUPERVISED RELEASE, IN ADDITION TO THE FOLLOWING SPECIAL
```

CONDITIONS:  THE FIRST ONE IS THAT YOU PROVIDE COMPLETE
DISCLOSURE OF YOUR PERSONAL AND BUSINESS FINANCIAL RECORDS TO
PROBATION AS REQUESTED.

SECOND CONDITION, YOU'RE PROHIBITED FROM OPENING
CHECKING ACCOUNTS OR INCURRING NEW CREDIT CHARGES OR OPENING
ADDITIONAL LINES OF CREDIT WITHOUT PROBATION'S APPROVAL --
PRIOR APPROVAL.

THIRD IS THAT YOU REPORT ALL VEHICLES THAT YOU OWN OR
OPERATE OR IN WHICH YOU HAVE AN INTEREST TO PROBATION.

THE FOURTH IS A SEARCH CONDITION, THAT YOU SUBMIT YOUR
PERSON, YOUR PROPERTY, YOUR RESIDENCE, YOUR OFFICE, YOUR
VEHICLE TO A SEARCH CONDUCTED BY PROBATION, PROVIDED THE SEARCH
IS DONE AT A REASONABLE TIME, AND IN A REASONABLE MANNER, BASED
ON A REASONABLE SUSPICION OF CONTRABAND OR A VIOLATION OF A
CONDITION OF YOUR RELEASE.  IF YOU FAIL TO AGREE TO A SEARCH,
THAT CAN BE GROUNDS FOR REVOKING YOU, AND WHOEVER LIVES WITH
YOU, SIR, MUST KNOW ABOUT THIS CONDITION.

THE FIFTH CONDITION IS YOU NOTIFY THE COLLECTIONS UNIT
OF THE UNITED STATES ATTORNEY'S OFFICE OF ANY INTEREST IN
PROPERTY OBTAINED DIRECTLY OR INDIRECTLY, INCLUDING ANY
INTEREST OBTAINED IN ANY OTHER NAME, ENTITY, INCLUDING A TRUST,
PARTNERSHIP OR CORPORATION, UNTIL RESTITUTION IS PAID IN FULL.

THE SIXTH CONDITION, NOTIFY THE COLLECTIONS UNIT OF THE
U.S. ATTORNEY'S OFFICE BEFORE TRANSFERRING ANY INTEREST IN ANY
PROPERTY OWNED DIRECTLY OR DIRECTLY BY YOU, INCLUDING ANY

1    INTEREST HELD OR OWNED UNDER ANY OTHER NAME OR ENTITY,

2    INCLUDING TRUSTS, PARTNERSHIPS, CORPORATIONS, UNTIL RESTITUTION

3    IS PAID IN FULL.  GIVEN THE SORT OF BUSINESS YOU'RE HOPING TO

4    GO INTO, YOU'VE GOT TO KEEP THEM INFORMED OF WHAT YOU'RE DOING

5    THERE, SIR.

6        WE'VE ALREADY TAKEN CARE OF THE FINE AND SETTING THE

7    AMOUNT THAT WILL BE PAYABLE UPON RELEASE FROM CUSTODY AT $250 A

8    MONTH.  YOU CAN ALWAYS PAY MORE THAN THAT, SIR.

9        I'M CHECKING BOTH PLEA AGREEMENTS.  THERE IS A WAIVER

10   OF APPEAL IN BOTH PLEA AGREEMENTS.

11       MR. MOKAYEF, IN BOTH YOUR PLEA AGREEMENTS, ON THE RICO

12   CHARGE AND ON THE FALSE STATEMENT CHARGE, BOTH PLEA AGREEMENTS

13   CONTAIN WAIVERS OF COLLATERAL ATTACK AGAINST THE JUDGMENT AND

14   THE SENTENCE THAT I'VE IMPOSED; DO YOU UNDERSTAND THAT?

15       THE DEFENDANT:  YES, I DO, YOUR HONOR.

16       THE COURT:  YOU'VE WAIVED YOUR RIGHT TO APPEAL OR

17   COLLATERALLY ATTACK THE JUDGMENT IN BOTH CRIMINAL CASES AND THE

18   SENTENCE ON BOTH, BECAUSE I'VE SENTENCED YOU ON BOTH, BUT

19   THEY'RE RUNNING CONCURRENT.

20       THE DEFENDANT:  YES, YOUR HONOR, I UNDERSTAND.

21       THE COURT:  VERY WELL.  LET'S ALL TAKE A MOMENT,

22   BECAUSE WE'VE DONE A LOT HERE THIS AFTERNOON, AND MAKE SURE

23   I'VE COVERED EVERYTHING.  MR. WARWICK, MR. SCHOPLER, PROBATION.

24       MR. SCHOPLER:  YOUR HONOR, WE DO WANT TO MAKE SURE THAT

25   THE RICO CONSPIRACY JUDGMENT, THAT'S 13-CR-2196, DOES REFLECT

1     THE FORFEITURE, WHICH I THINK THE COURT WAS GOING TO DO.

2         THE COURT:  IT WILL REFLECT THAT, AND I JUST SIGNED THE

3     FIFTH AMENDED ORDER OF FORFEITURE.

4         MR. SCHOPLER:  THANK YOU, YOUR HONOR.

5         WILL THE COURT BE SETTING A BOND EXONERATION HEARING?

6         THE COURT:  WE'VE GOT A SELF-SURRENDER DATE IN JANUARY.

7     WE WILL SET AN EXONERATION DATE ABOUT A WEEK THEREAFTER, ALEX.

8         THE CLERK:  JANUARY 22ND, 2016, AT 9:00 A.M.

9         MR. SCHOPLER:  AT THIS TIME, YOUR HONOR, THE UNITED

10    STATES WOULD MOVE TO DISMISS WITHOUT PREJUDICE ANY OUTSTANDING

11    CHARGES AGAINST MR. MOKAYEF.

12        THE COURT:  THANK YOU VERY MUCH.  THAT MOTION WILL BE

13    GRANTED.

14        MR. WARWICK -- WE'RE NOW HANDING YOU, SIR, COPIES OF

15    THE CONDITIONS THAT I IMPOSED.  KEEP THAT PAPERWORK, SIR, IT'S

16    IMPORTANT FOR YOU TO HAVE THAT.

17        MR. WARWICK, ANYTHING I DIDN'T COVER, SIR?

18        MR. WARWICK:  NO, YOUR HONOR, YOU'RE VERY THOROUGH.

19    THANK YOU FOR LETTING ME GO TO MY MEETING THIS MORNING, I

20    APPRECIATE IT.

21        THE COURT:  UNDERSTOOD.  WE HAD A LOT TO COVER, SORRY

22    TO HAVE YOU WAIT.

23        MR. WARWICK:  NO, I APPRECIATE YOU LETTING ME GO.

24        THE COURT:  WELL, WE THOUGHT OF BARRING THE DOORS BACK

25    THERE, BUT THEN I THOUGHT BETTER.

```
 1            I WOULD LIKE TO HEAR FROM MR. WARWICK, SIR, THAT YOU'RE
 2     DOING WELL AND THAT THE PROPERTY YOU'RE WORKING ON GOES WELL.
 3            THE DEFENDANT:  THANK YOU.
 4            MR. WARWICK:  THANK YOU.  HAVE A NICE WEEKEND.
 5     (THE HEARING CONCLUDED.)
 6
 7
 8
 9
10
11                      C E R T I F I C A T E
12
13            I, GAYLE WAKEFIELD, CERTIFY THAT I AM A DULY
       QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
14     STATES DISTRICT COURT, THAT THE FOREGOING IS A TRUE AND
       ACCURATE TRANSCRIPT OF THE PROCEEDINGS AS TAKEN BY ME IN THE
15     ABOVE-ENTITLED MATTER ON OCTOBER 16, 2015; AND THAT THE FORMAT
       USED COMPLIES WITH THE RULES AND REQUIREMENTS OF THE UNITED
16     STATES JUDICIAL CONFERENCE.
17
18     DATED:  APRIL 27, 2018      /S/ GAYLE WAKEFIELD_____
                                   GAYLE WAKEFIELD, RPR, CRR
19                                 OFFICIAL COURT REPORTER
20
21
22
23
24
25
```